**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

UNITED STATES OF AMERICA,

Plaintiff,

v.

MOTOR TANKER TIFANI BEARING INTERNATIONAL MARITIME NUMBER 9273337, AND THE OIL CARGO LADEN THEREON,

Defendant *in rem*,

Case No. 1:26-CV-1373-JEB

**VERIFIED CLAIM OF *HAVLISH*, *HOGLAN*, *RAY*, *MAHER*, *BAUER*, AND *PARKER* JUDGMENT CREDITORS PURSUANT TO SUPPLEMENTAL RULE G(5)**

By and through their undersigned counsel, the *Havlish* Judgment Creditors, the *Hoglan* Judgment Creditors, *Ray* Judgment Creditors, *Maher* Judgment Creditors, *Bauer* Judgment Creditors, and *Parker* Judgment Creditors (collectively, "Claimants") hereby submit this Verified Claim pursuant to Federal Rules of Civil Procedure, Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, and assert their interest in the *M/T Tifani* (IMO No 9273337) and its oil cargo (collectively, the "Tifani Defendants") at the time it was seized on April 20, 2026, all as defined in the United States' Verified Complaint for Forfeiture filed in this action on April 22, 2026 (the "Forfeiture Complaint").

The Claimants allege as follows:

1. The Claimants are family members and estates of individuals killed in the September 11, 2001 terrorist attacks. ("9/11 Terrorist Attacks"). The Claimants are comprised of the following six groups of terrorism judgment holders:

A. The *Havlish* Judgment Creditors: Fiona Havlish, individually and as the Personal Representative of the Estate of Donald G. Havlish, and the individuals and estates identified on Attachment A-1. The *Havlish* Judgment Creditors possess a final and enforceable judgment entered on October 12, 2012 by the United States District Court for the Southern District of New York in the amount of $1,362,277,884 in compensatory damages and $4,686,235,921 in punitive damages plus pre- and post-judgment interest. *Havlish, et al. v. bin Laden, et al.*, 1:03-cv-09848 and 03-md-1570 (GBD)(SN) (S.D.N.Y.) ("*Havlish* Judgment"). A copy of the *Havlish* Judgment is attached as Attachment A-2. The current unsatisfied amount of the *Havlish* Plaintiffs' judgment is $1,231,797,079.05 plus pre- and post-judgment interest.

B. The *Hoglan* Judgment Creditors: Candyce Hoglan, as the Personal Representative of the Estate of Alice Hoglan, and the additional individuals and estates identified on Attachment B-1. The *Hoglan* Judgment Creditors possess a partial, final and enforceable judgment entered on October 31, 2016 (restated on February 26, 2018), in the amount of $1,841,840,035 in compensatory damages plus pre-judgment interest. *Hoglan, et al. v. Islamic Republic of Iran, et al., 1:11-cv-07550 (GBD)(SN)* and 03-md-1570 (GBD)(SN) (S.D.N.Y.) ("*Hoglan* Judgment"). A copy of the *Hoglan* Judgment is attached as Attachment B-2. The current unsatisfied amount of the *Hoglan* Plaintiffs' judgment is $1,638,669,332.37 plus pre- and post-judgment interest.

C. The *Ray* Judgment Creditors: Herman Ray, individually and as the Personal Representative of the Estate of Denease Conley, and the additional individuals and estates identified on Attachment C-1. The *Ray* Judgment Creditors possess a partial, final and enforceable judgment entered on February 19, 2020 and a partial, final enforceable judgment entered on September 20, 2024. The total amount of compensatory

damages owing to the *Ray* Judgment Creditors is $446,961,913.03. *Ray, et al. v. Islamic Republic of Iran*, 1:19-cv-00012 (GBD)(SN) and 03-md-1570 (GBD)(SN) (S.D.N.Y.) ("*Ray* Judgment"). Copies of the *Ray* Judgments are attached as Attachment C-2. The current unsatisfied amount of the *Ray* Plaintiffs' judgment is $446,961,913.03 plus pre- and post-judgment interest.

D. The *Maher* Judgment Creditors: Katherine Maher, individually and as the Personal Representative of the Estate of Daniel L. Maher, and the additional individuals and estates identified on Attachment D-1. The *Maher* Judgment Creditors possess partial, final and enforceable judgments entered against the Iranian Defendants in amounts totaling $222,356,450 in compensatory damages plus pre- and post-judgment interest.[1] *Maher, et al. v. Islamic Republic of Iran, 1:20-cv-00266 (GBD)(SN) (GBD)(SN)* and 03-md-1570 (GBD)(SN) (S.D.N.Y.) ("*Maher* Judgments"). Copies of the *Maher* Judgments are attached as Attachment D-2. The current unsatisfied amount of the *Maher* Plaintiffs' judgment is $201,852,999.16 plus pre- and post-judgment interest.

E. The *Bauer* Judgment Creditors: Virginia Bauer, individually and as the Personal Representative of the Estate of W. David Bauer, and the additional individuals and estates identified on Attachment E-1. The *Bauer* Judgment Creditors possess partial, final and enforceable judgments entered against the Iranian Defendants in amounts

[1] There are two sets of plaintiffs from the Maher family pursuing this Claim. The two sets obtained their judgments under two different captions in the 9/11 Multidistrict Litigation. The entire family received judgments on liability and damages in their favor (except the Estate's economic damages) against Iran in *Bauer v. al-Qaeda Islamic Army*. *See Bauer* ECF 20 (Judgment) and *Bauer* ECF 19-1 p. 13. At the request of the Maher family, their claims and judgments (i.e., those of Katherine Maher, individually and as Personal Representative of the Estate of Daniel L. Maher, and sons Daniel Maher, and Joseph Maher) were subsequently transferred within the 9/11 MDL to a new case in order to accommodate a change to undersigned counsel and for the purposes of obtaining an economic damages award for the *Maher* 9/11 Decedent Estate and for all other purposes going forward, including judgment enforcement. This new action was first captioned *Ryan, et al. v. Islamic Republic of Iran*, et al., but was changed to *Maher, et al. v. Islamic Republic of Iran*. The relevant transfer and captioning Orders at 9/11 MDL ECF are included in Attachment D-3. Three additional 9/11 families named herein (Casazza, Kleinberg, and Van Auken), who hold liability and damages judgments against Iran obtained by other counsel, are in the process of being similarly transferred into the *Maher v. Iran* case within the 9/11 MDL. They are now represented by the undersigned counsel for all purposes going forward, including judgment enforcement.

totaling $2,605,955,741 in compensatory damages plus pre- and post-judgment interest. B*auer, et al., v. al Qaeda, et al.*, 1:02-cv-07236 (GBD)(SN) and 03-md-1570 (GBD)(SN) (S.D.N.Y.) ("*Bauer* Judgments"). Copies of the *Bauer* Judgments are attached as Attachment E-2. The current unsatisfied amount of the *Bauer* Plaintiffs' judgment is $2,320,062,458.00 plus pre- and post-judgment interest.

F. The *Parker* Judgment Creditors: Joan Parker, individually and as the Personal Representative of the Estate of Philip Lacey Parker, and the additional individuals and estates identified on Attachment F-1. The *Parker* Judgment Creditors possess partial, final and enforceable judgments entered against the Iranian Defendants in amounts totaling $68,663,359.00 in compensatory damages plus pre- and post-judgment interest. *Parker, et al., v. Islamic Republic of Iran, et al.*, 1:18-cv-11416 (GBD)(SN) and 1:03-md-01570 (GBD)(SN) (S.D.N.Y.). Copies of the *Parker* Judgments are attached as Attachment F-2. The current unsatisfied amount of the *Parker* Plaintiffs' judgment is $64,193,676.50 plus pre- and post-judgment interest.

2. The Claimants assert an ownership interest in the Tifani Defendants based on rights United States Congress granted them in Section 201(a) of the Terrorism Risk Insurance Act of 2002 ("TRIA"). Pub. L. No. 107-297, § 201(a), 116 Stat. 2322, 2337 (2002), codified at 28 U.S.C. § 1610 Note.

3. TRIA provides:

> Notwithstanding any other provision of law, and except as provided in subsection (b), in every case in which a person has obtained a judgment against a terrorist party on a claim based upon an act of terrorism, or for which a terrorist party is not immune under section 1605(a)(7) of title 28, United States Code, the blocked assets of that terrorist party (including the blocked assets of any agency or instrumentality of that terrorist party) shall be subject to execution or attachment in aid of execution in order to satisfy such judgment to the extent of any compensatory damages for which such terrorist party has been found liable.

4. The Claimants are all victims of the 9/11 Terrorist Attacks, which qualify as terrorist attacks within the meaning of TRIA. Each Claimant holds a judgment against Iran based on those attacks. Some Claimants also hold judgments against (1) Iran's Ministry of Information and Security, (2) Islamic Revolutionary Guard Corps, (3) Iran's Ministry of Petroleum, (4) Iran's Ministry of Economic Affairs and Finance, (5) Iran's Ministry of Commerce, (6) Iran's Ministry of Defense and Armed Forces Logistics, (7) Central Bank of Iran, a.k.a. Bank Markazi, (8) National Iranian Petrochemical Company, (9) National Iranian Oil Company, (10) National Iranian Tanker Company, (11) National Iranian Gas Company, (12) Iran Air, (13) Hezbollah, (14) Ayatollah Ali Hoseini Khamenei, and (15) Ali Akbar Rafsanjani, (collectively, "Judgment Debtors") for the roles they played in the 9/11 Terrorist Attacks.

5. The Forfeiture Complaint establishes that each of the following political subdivisions of Iran were involved in dealings with the Tifani Defendants:

A. The Islamic Revolutionary Guard Corps, *See* Forfeiture Complaint, ¶ 11-19.

B. The Iranian Ministry of Petroleum, *See* Forfeiture Complaint, ¶ 7-10.

6. The Forfeiture Complaint establishes that each of the following entities were involved in dealings with the Defendant Property and acted as agencies or instrumentalities of Iran within the meaning of TRIA:

A. The National Iranian Oil Company, *See* Forfeiture Complaint, ¶ 20-21.

B. The Iranian Oil Terminals Company, a subsidiary of NIOC. *See* Forfeiture Complaint, ¶ 22-24.

C. The National Iranian South Oil Company, *See* Forfeiture Complaint, ¶ 22-24.

D. ENSA Ship Management Private Limited, *See* Forfeiture Complaint, ¶ 28-29.

7. The Tifani Defendants are blocked assets of Iran, its political subdivisions, and its agencies and instrumentalities within the meaning of TRIA.

8. The total outstanding amount of compensatory damages still owing to Claimants is $5,903,537,458.11, plus pre- and post-judgment interest.

9. TRIA provides Claimants with both constitutional and statutory standing to assert their interests in the Tifani Defendants. *United States v. All Petroleum-Product Cargo Aboard the Achilleas*, Case No. 1:21-cv-00305 (PLF) (D.D.C. Sept. 4, 2026).

10. TRIA overrides "the civil forfeiture statute" and gives the Claimants authority to execute against the Tifani Defendants in partial satisfaction of their judgments. *Est. of Levin v. Wells Fargo Bank, N.A.*, 156 F.4th 632, 643 n.1 (D.C. Cir. 2025) ("[I]f TRIA specifically allows attachments that the civil-forfeiture statute specifically prohibits, TRIA prevails." (*quoting Greenbaum v. Islamic Republic of Iran*, 67 F.4th 428, 432 (D.C. Cir. 2023)).

11. On the foregoing basis, Claimants assert their interest in the Tifani Defendants, and oppose forfeiture thereof.

Dated: November 4, 2026

/s/ Douglass A. Mitchell

Douglass A. Mitchell
DDC Bar Number: WI0029
MITCHELL ALLYN, LTD.
1000 Green Valley Parkway
Suite 440-575
Henderson, Nevada 89074
T: (702) 350-1208
E: dmitchell@mitchellallyn.com

*Attorneys for the Claimants*