# EXHIBIT C-2

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: FEB 19 2020

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X

*IN RE* TERRORIST ATTACKS ON SEPTEMBER 11, 2001 : **1:03 MDL 1570 (GBD)(SN)**

---------------------------------------------------------------X

**This Document Relates to:**
***Ray, et al. v. Iran, et al.***
**1:19-cv-00012 (GBD)(SN)**

## [[redacted]] ORDER OF PARTIAL FINAL DEFAULT JUDGMENT ON COMPENSATORY DAMAGES ON BEHALF OF RAY PLAINTIFFS

Upon consideration of the evidence and arguments submitted by the *Ray* Plaintiffs, identified in **EXHIBITS A** and **B** to this Order, who are each a spouse, parent, child, or sibling (or the personal representative of an estate of a spouse, parent, child, or sibling) of a victim killed in the terrorist attacks on September 11, 2001 (as identified on **EXHIBIT A**), or the personal representative of an estate of an individual who was killed in the terrorist attacks on September 11, 2001 (as identified on **EXHIBIT B**),

**WHEREAS,** on August 28, 2019, the Second Amended Complaint, the Summons, and the Notice of Suit, and related documents, in English and all translated into Farsi, in the above-captioned case were served on all of the below listed Defendants (hereafter, the "Iran nation-state and political subdivision Defendants") by mail in accordance with 28 U.S.C. §1608(a)(3):

1. The Islamic Republic of Iran;
2. Iran's Ministry of Information and Security
3. Islamic Revolutionary Guard Corps;
4. Iran's Ministry of Petroleum;
5. Iran's Ministry of Commerce;

6. Iran's Ministry of Economic Affairs and Finance;

7. Iran's Ministry of Defense and Armed Forces Logistics;

8. The Central Bank of Iran;

**WHEREAS**, on August 28, 2019, the Clerk of this Court entered onto the Court's docket (Doc. Nos. 5004-5012) the Clerk's certification of the Court's mailing of the Second Amended Complaint, the Summons, and the Notice of Suit, and related documents, in English and all translated into Farsi, in the above-captioned case to the Foreign Ministry of the Islamic Republic of Iran for all of the above-listed Defendants in accordance with 28 U.S.C. §1608(a)(3); and

**WHEREAS**, the Clerk of this Court's mailing of the Second Amended Complaint, the Summons, and the Notice of Suit, and related documents, in English and all translated into Farsi, in the above-captioned case to the Foreign Ministry of the Islamic Republic of Iran for all of the above-listed Defendants in accordance with 28 U.S.C. §1608(a)(3) were all refused by the addressee or his agent and returned to Plaintiffs' counsel; and

**WHEREAS**, the Second Amended Complaint, the Summons, and the Notice of Suit, and related documents, in English and all translated into Farsi, in the above-captioned case were also served by diplomatic process upon on the Foreign Ministry of the Islamic Republic of Iran for all of the above-listed Defendants in accordance with 28 U.S.C. §1608(a)(4) on December 4, 2019;

**WHEREAS**, the Foreign Ministry of the Islamic Republic of Iran, on behalf of all of the above-listed Defendants, refused and rejected such diplomatic service of process on December 4, 2019;

**WHEREAS**, under cover of a letter dated December 26, 2019, the United States Department of State sent to the Clerk of this Court a set of Specific Authentication Certificates ("diplomatic notes") that detail the above-stated diplomatic service of process via the U.S. State

Case 1:19-cv-00012-GBD-SN Document 221 Filed 02/14/20 Page 3 of 5

Department and the Foreign Ministry of the Swiss Confederation of the Second Amended Complaint, the Summons, and Notice of Suit, and related documents, in English and all translated into Farsi, in the above-captioned case in this case for all of the above-listed Defendants, and the Foreign Ministry of the Islamic Republic of Iran's refusal and rejection of same on behalf of all of the above-listed Defendants, with a copy to Plaintiff's counsel which was filed with the Court; and

**WHEREAS**, the Clerk of the Court for the United States District Court for the Southern District of New York has issued a Certificate of Default, dated February 12, 2020, in this case (*Ray* Doc. No. 209), and

**WHEREAS**, this case is related to *Havlish, et al. v. bin Laden, et al.*, 03-cv-09848 (GBD)(FM), and *Hoglan, et al. v. Islamic Republic of Iran, et al.*, 1:11-cv-07550 (GBD)(SN); and

**WHEREAS**, evidence as to liability was submitted by Plaintiffs in filings with this Court in *Havlish* on May 19, 2011, July 13, 2011, August 19, 2011, and December 15, 2011, in addition to supplemental evidence filed with this Court, including extensive evidence filed confidentially under seal, and in *Hoglan* on July 10, 2015, all of which was submitted into evidence in *Havlish* and in *Hoglan*, and, all of which, pursuant to Plaintiffs' Motion to Admit Related Case Evidence, filed February 13, 2020, (*Ray* Doc. No. 211), has been admitted into evidence and considered by the Court in this case; and

**WHEREAS**, full evidentiary hearings on liability were held in this Court in *Havlish* on December 15, 2011, and in *Hoglan* on August 17, 2015; and

**WHEREAS**, on December 22, 2011, this Court entered Findings of Fact and Conclusions of Law in *Havlish*, and in *Hoglan*, entered substantially similar Findings of Fact and

Conclusions of Law on August 31, 2015, and, in this case the Court takes judicial notice thereof and has entered Findings of Fact and Conclusions of Law; and

**WHEREAS**, based on the Court's consideration of all of the above, and all the files in this case and in the related cases, the Court finds that the *Ray* Plaintiffs have established their right to relief by evidence satisfactory to the Court pursuant to 28 U.S.C. §1608(e).

**WHEREAS**, based on the Judgment in *Havlish*, the *Ray* Plaintiffs listed on Exhibit A hereto are entitled to partial final judgments for compensatory damages for solatium in the amounts of $12,500,00 for each spouse of a 9/11 decedent; $8,500,000 for each child of a 9/11 decedent; $8,500,000 for each parent of a 9/11 decedent; and $4,250,000 for each sibling of a 9/11 decedent, all such solatium amounts having been established in *Havlish*;

**WHEREAS**, based on the Judgment in *Havlish*, the *Ray* Plaintiffs listed on Exhibit B hereto who are the Personal Representatives of the Estates of 9/11 Decedents are entitled to partial final judgments for compensatory damages of $2,000,000 for pain and suffering and, further, in amounts yet to be determined for economic losses;

It is **HEREBY ORDERED** that service of process was effected in accordance with 28 U.S.C. 1608(a), *et seq.* upon the following eight *Ray* Defendants.: (1) Islamic Republic of Iran; (2) Iran's Ministry of Information and Security; (3) Islamic Revolutionary Guard Corps; (4) Iran's Ministry of Petroleum; (5) Iran's Ministry of Economic Affairs and Finance; (6) Iran's Ministry of Commerce; (7) Iran's Ministry of Defense and Armed Forces Logistics; and, (8) Central Bank of the Islamic Republic of Iran; and it is **FURTHER**

**ORDERED** that partial final judgment is entered against the Iran nation-state and political subdivision Defendants listed above and on behalf of the *Ray* Plaintiffs, as identified in the attached **EXHIBIT A**, who are each a spouse, parent, child or sibling (or the estate of a spouse,

parent, child or sibling) of a victim killed in the terrorist attacks on September 11, 2001; and it is **FURTHER**

**ORDERED** that Plaintiffs identified in **EXHIBIT A** are awarded solatium damages of $12,500,000 per spouse, $8,500,000 per parent, $8,500,000 per child, and $4,250,000 per sibling, as set forth in **EXHIBIT A**; and it is **FURTHER**

**ORDERED** that partial final judgment is entered against the Iran nation-state and political subdivision Defendants and on behalf of the *Ray* Plaintiffs, as identified in the attached **EXHIBIT B**, who are each the personal representative of the estate of a victim of the terrorist attacks on September 11, 2001; and it is **FURTHER**

**ORDERED** that the *Ray* Plaintiffs identified in **EXHIBIT B** are awarded compensatory damages for decedents' pain and suffering in an amount of $2,000,000 per estate, as set forth in **EXHIBIT B**; and it is **FURTHER**

**ORDERED** that the *Ray* Plaintiffs identified in **EXHIBITS A** and **B** are awarded prejudgment interest of 4.96 percent per annum, compounded annually, running from September 11, 2001 until the date of judgment; and it is **FURTHER**

**ORDERED** that the *Ray* Plaintiffs identified in **EXHIBITS A** and **B** may submit applications for punitive damages, and the *Ray* Plaintiffs identified in **EXHIBIT B** may submit applications for economic damages as supported by the expert reports and analyses at a later date consistent with any future rulings made by this Court; and it is **FURTHER**

**ORDERED** that the Plaintiffs not appearing on **EXHIBITS A** or **B** and who were not previously awarded damages may submit in later stages applications for solatium and/or economic damages awards that may be approved on the same basis as currently approved for those Plaintiffs appearing on **EXHIBITS A** or **B** or in prior filings, or as otherwise appropriate.

**SO ORDERED:**

Date: FEB 1 9 2020

New York, New York

GEORGE B. DANIELS
UNITED STATES DISTRICT JUDGE

# EXHIBIT A

**EXHIBIT A**

| | Decedent First Name | Decedent Middle Name | Decedent Last Name | Decedent Suffix | Plaintiff First Name | Plaintiff Middle Name | Plaintiff Last Name | Plaintiff Suffix | Relationship to Decedent | Solatium |
|---|---|---|---|---|---|---|---|---|---|---|
| 1. | Denease | | Conley | | Herman | | Ray | | Sibling | $4,250,000 |
| 2. | Denease | | Conley | | Cherrie | L. | Allen | | Sibling | $4,250,000 |
| 3. | Denease | | Conley | | Irma | Joyce | Fletcher | | Sibling | $4,250,000 |
| 4. | Denease | | Conley | | Irma | Joyce | Fletcher | | P.R. of Estate of Sibling (Earl Ray) | $4,250,000 |
| 5. | Denease | | Conley | | Barbara | | Haynes-Jenkins | | Sibling | $4,250,000 |
| 6. | Denease | | Conley | | Herman | | Ray | | P.R. of Estate of Sibling (James Ray) | $4,250,000 |
| 7. | Denease | | Conley | | Stanley | | Ray | | Sibling | $4,250,000 |
| 8. | Lee | Alan | Adler | | Aaron | | Adler | | Sibling | $4,250,000 |
| 9. | Lee | Alan | Adler | | Alice | Doerge | Adler | | Spouse | $12,500,000 |
| 10. | Lee | Alan | Adler | | Isabell | Dansiger | Adler | | Parent | $8,500,000 |
| 11. | Lee | Alan | Adler | | Jay | | Adler | | Sibling | $4,250,000 |
| 12. | Lee | Alan | Adler | | Lauren | Sarah Adler | Martinelli | | Child | $8,500,000 |
| 13. | James | V. | DeBlase | | Richard | | DeBlase | | Sibling | $4,250,000 |
| 14. | James | V. | DeBlase | | Anita | | DeBlase | | Parent | $8,500,000 |
| 15. | James | V. | DeBlase | | Anthony | | DeBlase | | Sibling | $4,250,000 |
| 16. | Marisa | | DiNardo-Schorpp | | Harley | | DiNardo | | P.R. of Estate of Parent (Esterina DiNardo a/k/a Ester DiNardo) | $8,500,000 |
| 17. | Marisa | | DiNardo-Schorpp | | Harley | | DiNardo | | Sibling | $4,250,000 |
| 18. | Marisa | | DiNardo-Schorpp | | Pio | | DiNardo | | Parent | $8,500,000 |
| 19. | Constantine | | Economos | | Andrew | | Economos | | Sibling | $4,250,000 |
| 20. | Constantine | | Economos | | Olga | | Valinotti | | Sibling | $4,250,000 |
| 21. | Constantine | | Economos | | Andrew | | Economos | | Co-P.R. of Estate of Parent (Leon Economos) | $8,500,000 |

| | Decedent First Name | Decedent Middle Name | Decedent Last Name | Decedent Suffix | Plaintiff First Name | Plaintiff Middle Name | Plaintiff Last Name | Plaintiff Suffix | Relationship to Decedent | Solatium |
|---|---|---|---|---|---|---|---|---|---|---|
| 22. | Constantine | | Economos | | Olga | | Valinotti | | Co-P.R. of Estate of Parent (Leon Economos) | (See preceding line) |
| 23. | Francesco | | Garfi | | Vito | | Garfi | | Sibling | $4,250,000 |
| 24. | Francesco | | Garfi | | Salvatore | | Garfi | | Parent | $8,500,000 |
| 25. | Francesco | | Garfi | | Marianna | | Garfi | | Parent | $8,500,000 |
| 26. | John | | Grazioso | | Hank | | Grazioso | | Parent | $8,500,000 |
| 27. | Timmy | | Grazioso | | Hank | | Grazioso | | Parent | $8,500,000 |
| 28. | LeRoy | W. | Homer | Jr. | Theresa | | Cooke | | Sibling | $4,250,000 |
| 29. | LeRoy | W. | Homer | Jr. | Michelle | | Hargis | | Sibling | $4,250,000 |
| 30. | LeRoy | W. | Homer | Jr. | Christine | | Homer | | Sibling | $4,250,000 |
| 31. | LeRoy | W. | Homer | Jr. | Christine | | Homer | | P.R. of Estate of Sibling (Thomas Freimark) | $4,250,000 |
| 32. | LeRoy | W. | Homer | Jr. | Isle | | Homer | | Parent | $8,500,000 |
| 33. | LeRoy | W. | Homer | Jr. | Monique | | Homer | | Sibling | $4,250,000 |
| 34. | LeRoy | W. | Homer | Jr. | Marilyn | | Johnson | | Sibling | $4,250,000 |
| 35. | LeRoy | W. | Homer | Jr. | Cheryl | Homer | Wilson | | Sibling | $4,250,000 |
| 36. | LeRoy | W. | Homer | Jr. | Germaine | | Wilson | | Sibling | $4,250,000 |
| 37. | Andrew | Brian | Jordan | Sr. | Andrew | Brian | Jordan | Jr. | Child | $8,500,000 |
| 38. | Leon | | Lebor | | David | | Lebor | | Sibling | $4,250,000 |
| 39. | Leon | | Lebor | | Rina | | Kaufman | a/k/a Joy Kaufman | P.R. of Estate of Parent (Philip Lebor) | $8,500,000 |
| 40. | Patrick | | McGuire | | Danielle | | McGuire | | Spouse | $12,500,000 |
| 41. | Patrick | | McGuire | | Mara | | McGuire | | Child | $8,500,000 |
| 42. | Patrick | | McGuire | | Ryan | | McGuire | | Child | $8,500,000 |
| 43. | Patrick | | McGuire | | Sean | | McGuire | | Child | $8,500,000 |
| 44. | Patrick | | McGuire | | Shea | | McGuire | | Child | $8,500,000 |
| 45. | Rocco | | Medaglia | | Annemarie | | Medaglia | | Parent | $8,500,000 |
| 46. | Rocco | | Medaglia | | Diana | | Medaglia | | Child | $8,500,000 |

| | Decedent First Name | Decedent Middle Name | Decedent Last Name | Decedent Suffix | Plaintiff First Name | Plaintiff Middle Name | Plaintiff Last Name | Plaintiff Suffix | Relationship to Decedent | Solatium |
|---|---|---|---|---|---|---|---|---|---|---|
| 47. | Rocco | | Medaglia | | Kathleen | | Medaglia-Dellapenna | | Sibling | $4,250,000 |
| 48. | Rocco | | Medaglia | | Maryellen | | Medaglia | | Sibling | $4,250,000 |
| 49. | Rocco | | Medaglia | | Michael | | Medaglia | | Sibling | $4,250,000 |
| 50. | Rocco | | Medaglia | | Elizabeth | | Medaglia-Cordes | | Child | $8,500,000 |
| 51. | Joseph | D. | Mistrulli | | Joanne | | Mistrulli | | P.R. of Estate of Sibling (Frank Mistrulli) | $4,250,000 |
| 52 | Robert | M. | Murach | | Mary | Ellen | Murach | | Parent | $8,500,000 |
| 53. | Robert | M. | Murach | | Mary | Ellen | Murach | | P.R. of Estate of Parent (Edward John Murach) | $8,500,000 |
| 54. | Robert | M. | Murach | | Richard | J. | Murach | | Sibling | $4,250,000 |
| 55. | Robert | M. | Murach | | Katharine | | Tynion | | Sibling | $4,250,000 |
| 56. | Louis | J. | Nacke | | Paula | Nacke | Jacobs | | Sibling | $4,250,000 |
| 57. | Louis | J. | Nacke | | Dale | Allen | Nacke | | Sibling | $4,250,000 |
| 58. | Louis | J. | Nacke | | Dale | Allen | Nacke | | P.R. of Estate of Parent (Louis P. Nacke) | $8,500,000 |
| 59. | Louis | J. | Nacke | | Dale | Allen | Nacke | | P.R. of Estate of Parent (Philomena Nacke) | $8,500,000 |
| 60. | Louis | J. | Nacke | | Kenneth | | Nacke | | Sibling | $4,250,000 |
| 61. | Louis | J. | Nacke | | Louis | Paul | Nacke | II | Child | $8,500,000 |
| 62. | Louis | J. | Nacke | | Joseph | Nicholas | Nacke | | Child | $8,500,000 |
| 63. | Salvatore | T. | Papasso | | Thomas | | Papasso | | Sibling | $4,250,000 |
| 64. | Sandra | | Wright-Cartledge | | Patricia | | Mason | | Sibling | $4,250,000 |

**TOTAL SOLATIUM DAMAGES** ~~$411,733,000~~

$394,750,000.00

GBD

# EXHIBIT B

**Exhibit B**

| | 9/11 Decedent First Name | 9/11 Decedent Middle Name | 9/11 Decedent Last Name | Suffix | Economic Damage Amount | Non-Economic Damage Amount | Total Damage Amount |
|---|---|---|---|---|---|---|---|
| 1. | Denease | | Conley | | TBD | $2,000,000 | TBD |
| 2. | Lee | Alan | Adler | | TBD | $2,000,000 | TBD |
| 3. | Francesco | | Garfi | | TBD | $2,000,000 | TBD |
| 4. | Patrick | | McGuire | | TBD | $2,000,000 | TBD |
| 5. | Rocco | | Medaglia | | TBD | $2,000,000 | TBD |

**TOTAL $10,000,000**

**(economic loss amounts subject to further submission)**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

IN RE:

TERRORIST ATTACKS ON SEPTEMBER 11, 2001

ORDER

03 MDL 1570 (GBD) (SN)

This document relates to:

*Ray, et al. v. Islamic Republic of Iran, et al.*, 19-cv-00012 (GBD)(SN)

**ORDER GRANTING PARTIAL FINAL DEFAULT JUDGMENT FOR THE PLAINTIFFS LISTED IN EXHIBIT A**

GEORGE B. DANIELS, United States District Judge:

The Plaintiffs listed in Exhibit A move for entry of partial final default judgment against Defendant the Islamic Republic of Iran. (ECF No. 10346.[1]) Upon consideration of the evidence and arguments set forth in the Declaration of Timothy B. Fleming and the exhibits thereto (ECF No. 10348); and in light of the default judgment as to liability against the Islamic Republic of Iran entered on February 19, 2020 (ECF No. 5985); together with the entire record in this case, it is hereby

**ORDERED** that service of process in the above-captioned case was properly effectuated upon the Islamic Republic of Iran in accordance with 28 U.S.C. § 1608(a)(4) (*see* ECF Nos. 204 and 312 in 19-cv-00012); and it is

**ORDERED** that partial final default judgment is entered on behalf of the Plaintiffs identified in Exhibit A against the Islamic Republic of Iran; and it is

[1] Unless otherwise stated, all ECF citations included herein refer to documents filed on the 9/11 multidistrict litigation docket. *See In re Terrorist Attacks on Sept. 11, 2001*, No. 03-md-1570 (GBD) (SN).

**ORDERED** that the Plaintiffs identified in Exhibit A are awarded economic damages as set forth therein, and as supported by the expert reports and analyses tendered in conjunction with the Fleming Declaration (*see* ECF No. 10348)[2]; and it is

**ORDERED** that the Plaintiffs receiving economic damages identified in Exhibit A are awarded prejudgment interest of 4.96 percent per annum, compounded annually, running from the date indicated in the "Date of Report" column therein, until the date of judgment; and it is

**ORDERED** that the Plaintiffs identified in Exhibit A may submit future applications for punitive or other damages at a later date consistent with any future rulings of this Court; and it is

**ORDERED** that Plaintiffs not appearing in Exhibit A may submit in later stages applications for damages awards to the extent they have not done so already.

The Clerk of Court is directed to enter partial final default judgment for the Plaintiffs listed in Exhibit A. The Clerk of Court is further directed to close the motions at:

- ECF No. 10346 in 03-md-1570; and
- ECF No. 327 in 19-cv-00012.

Dated: September 19, 2024
New York, New York

SO ORDERED.

George B. Daniels

GEORGE B. DANIELS
United States District Judge

[2] The Court has updated the amounts listed in Exhibit A to accurately reflect the updated values (as of October 1, 2024) contained in the expert reports. *See* ECF No. 10348-1 at 56, 94, 129, 163. Additionally, Exhibit A reflects economic damages for Denease Conley based on the expert report's first scenario—that Ms. Conley continued in her employment as a security guard. *Id.* at 56. To adopt the report's alternative, second scenario—wherein Ms. Conley changes careers to work as a paralegal—would be to "base [an] award on speculation or guesswork." *Raishevich v. Foster*, 247 F.3d 337, 343 (2d Cir. 2001). Indeed, the expert report also suggests that Ms. Conley may have instead become an F.D.N.Y. firefighter, but does not calculate damages based on that third scenario. ECF No. 10348-1 at 15.

# Exhibit A

| | Plaintiff, as Personal Representative of the Estate of 9/11 Decedent | | | | 9/11 Decedent | | | | | | | Claim Information | | | Pain & Suffering Damages | | Economic Damages | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | First | Middle | Last | Suffix | First | Middle | Last | Suffix | Nationality | Date of Death | 9/11 Site | Case | Complaint | Amendments & Substitutions | Prior Award | Amount | Report | Date of Report | Prior Award | Amount |
| 1 | Herman | | Ray | | Denease | | Conley | | US | 9/11/01 | NY | 19cv00012 | 19cv00012, 139 at 13 | | | | 10348-1 | 10/1/24 | N/A | $6,341,635 |
| 2 | Vito | | Garfi | | Francesco | | Garfi | | US | 9/11/01 | NY | 19cv00012 | 19cv00012, 139 at 19 | | | | 10348-1 | 10/1/24 | N/A | $22,829,152 |
| 3 | Danielle | | McGuire | | Patrick | | McGuire | | US | 9/11/01 | NY | 19cv00012 | 19cv00012, 139 at 23 | | | | 10348-1 | 10/1/24 | N/A | $19,770,692 |
| 4 | Elizabeth | | Medaglia-Cordes | | Rocco | | Medaglia | | US | 9/11/01 | NY | 19cv00012 | 19cv00012, 139 at 26 | | | | 10348-1 | 10/1/24 | N/A | $5,800,381 |