**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br>MOTOR TANKER TIFANI BEARING INTERNATIONAL MARITIME NUMBER 9273337, AND THE OIL CARGO LADEN THEREON,<br><br>Defendant *in rem*, | Case No. 1:26-CV-1373-JEB |

**ANSWER OF THE *HAVLISH*, *HOGLAN*, *RAY*, *MAHER*, *BAUER*, AND *PARKER* JUDGMENT CREDITORS TO THE VERIFIED COMPLAINT FOR FORFEITURE**

The *Havlish*, *Hoglan*, *Ray*, *Maher*, *Bauer*, and *Parker* Claimants (collectively, the "*Havlish* Claimants"), submit this Answer to the Verified Complaint for Forfeiture against the M/T Tifani and its oil cargo (collectively, the Tifani Defendants) at ECF 1 and answer as follows:

**NATURE OF THE ACTION AND DEFENDANT *IN REM***

1. Admitted.

2. The *Havlish* Claimants lack sufficient information to form a belief concerning the truthfulness of the allegations in Paragraph 2, and therefore deny the same.

**JURISDICTION AND VENUE**

3. Paragraph 3 contains jurisdictional and legal conclusions to which no response is required. However, to the extent a response is required, the *Havlish* Claimants lack sufficient information at this time to form a belief concerning the truthfulness of the allegations in Paragraph 3, and therefore deny the same.

4. Paragraph 4 contains jurisdictional and legal conclusions to which no response is required. However, to the extent a response is required, the *Havlish* Claimants lack sufficient information at this time to form a belief concerning the truthfulness of the allegations in Paragraph 4, and therefore deny the same.

5. The *Havlish* Claimants lack sufficient information to form a belief concerning the truthfulness of the allegations in Paragraph 5, and therefore deny the same.

## FACTS GIVING RISE TO FORFEITURE

### A. Relevant Entities.

6. Admitted.

### ii. Iranian Ministry of Petroleum

7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted.

### iii. Islamic Revolutionary Guard Corps.

11. Admitted.

12. Admitted.

13. Admitted.

14. The *Havlish* Claimants admit the IRGC generates substantial revenues from the sale of petroleum products. The *Havlish* Claimants lack sufficient information to form a belief concerning the truthfulness of the remaining allegations in Paragraph 14.

15. Admitted.

16. Admitted.

17. Admitted.

18. Admitted, including subparts.

19. Admitted.

**iv. National Iranian Oil Company**

20. Admitted.

21. Admitted.

**v. Iranian Oil Terminals Company**

22. The *Havlish* Claimants lack sufficient information to form a belief concerning the truthfulness of the allegations in Paragraph 22. However, the *Havlish* Claimants believe the allegations in Paragraph 22 to be true.

**vi. Kharg Oil Terminal**

23. The *Havlish* Claimants admit that Kharg Island is an oil terminal located at Kharg Island. The *Havlish* Claimants lack sufficient information to form a belief concerning the truthfulness of the remaining allegations in Paragraph 23.

24. The *Havlish* Claimants lack sufficient information to form a belief concerning the truthfulness of the allegations in Paragraph 24.

**vii. National Iranian South Oil Company**

25. Admitted.

**viii. M/T Tifani**

26. Admitted.

27. Admitted.

28. Admitted.

29. Admitted.

30. The *Havlish* Claimants admit the Tifani engaged in business with sanctioned entities and jurisdictions, and exhibited behavior consistent with ghost fleet vessels, including

location spoofing and claiming false flags/nationalities. The *Havlish* Claimants deny the remaining allegations in Paragraph 30.

**B. AIS Spoofing**

31. Admitted.

32. Admitted.

33. Admitted.

34. Admitted.

**C. Historical Iran-Related Voyages by the Tifani**

35. Admitted.

**a. The Tifani's 2025 Shipments of Iran-Origin Oil**

36. Admitted.

37. Admitted.

38. Admitted.

39. Admitted.

40. Admitted.

41. Admitted.

**b. The Tifani's Current Voyage**

42. Admitted.

43. Denied.

44. The *Havlish* Claimants lack sufficient information to form a belief concerning the truthfulness of the allegations in Paragraph 44, and therefore deny the same.

**COUNT ONE - FORFEITURE**
**18 U.S.C. § 981(a)(1)(G)(i)**

45. The *Havlish* Claimants incorporate their answers to each of the preceding paragraphs as if fully set forth herein.

46. Admitted.

47. In response to Paragraph 47, the *Havlish* Claimants deny that the Tifani Defendants are subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(G(i)). Under TRIA, Congress has given the *Havlish* Claimants right to execute against the Tifani Defendants to the full extent of their compensatory damages "notwithstanding any other provision of law." Therefore, the *Havlish* Claimants' claim and assertion of ownership to the Tifani Defendants is superior to any interest of the United States under 18 U.S.C. § 981(a)(1)(G)(i).

**AFFIRMATIVE DEFENSES**

These defenses are based on the *Havlish* Claimants' knowledge, information, and belief at this time. The *Havlish* Claimants specifically reserve the right to assert additional affirmative defenses and other defenses and/or modify, amend, or supplement any defense contained herein at any time. Without admitting any of the facts alleged in the Complaint except as specifically set forth above, and without assuming any burden of proof, persuasion, or production not otherwise legally assigned to it as to any element of the government's claims, the *Havlish* Claimants assert the following affirmative and other defenses:

1. The *Havlish* Claimants possess an interest in the Tifani Defendants.

2. The *Havlish* Claimants possess an interest in the Tifani Defendants that is senior to the government's claim under TRIA, Pub. L. No. 107-297, § 201(a) (2002) (codified at 28 U.S.C. § 1610), notwithstanding the present civil forfeiture action.

3. The *Havlish* Claimants are victims of the terrorist attacks of September 11, 2001 and hold final, enforceable judgments for compensatory damages against Iran, the IRGC, and NIOC, among other judgment debtors, arising from their direct participation in, and material support for, those terrorist attacks.

4. The *Havlish* Claimants are entitled to attach and execute upon the Tifani Defendants because they have satisfied TRIA. Specifically, the *Havlish* Claimants obtained their judgments against the Islamic Republic of Iran, certain of its political subdivisions, and a number of its agencies or instrumentalities based on an act of terrorism. Iran, its political subdivisions, and agencies and instrumentalities are terrorist parties within the meaning of TRIA. The Tifani Defendants are blocked under the International Emergency Economic Powers Act; and the Tifani Defendants are owned Iran, and/or agencies or instrumentalities of Iran.

5. Pursuant to TRIA, the *Havlish* Claimants are entitled to attach and execute against the Tifani Defendants notwithstanding any other provision of law, including, but not limited to, the federal forfeiture statutes.

6. The *Havlish* Defendants right to attach and execute against the Tifani Defendants extend to any proceeds from the sale of any part, or all, of the Tifani Defendants.

7. The Fifth Amendment provides that "[n]o person shall be deprived of life, liberty, or property without due process of law." U.S. Const. amend. V. Because of their claim under TRIA, the *Havlish* Claimants have a property interest in the Tifani Defendants governed by the Fifth Amendment. As a result, forfeiting the Tifani Defendants to the government without "due process of law" would violate the *Havlish* Claimants' rights under the Fifth Amendment.

8. The Fifth Amendment also provides “private property” shall not “be taken for public use, without just compensation.” U.S. Const. amend. V. Because of the *Havlish* Claimants’ property interest in the Tifani Defendants, forfeiting that property to the government would result in a taking of their property without just compensation.

9. The *Havlish* Claimants deny all allegations not expressly admitted herein and specifically reserve the right to amend this Answer, to raise additional defenses, cross-claims, and third-party claims not asserted herein as may be warranted by the revelation of information during further proceedings, and to pursue alternative remedies under civil forfeiture law.

Dated: November 5, 2026

/s/ Douglass A. Mitchell

Douglass A. Mitchell
DDC Bar Number: WI0029
MITCHELL ALLYN, LTD.
1000 Green Valley Parkway
Suite 440-575
Henderson, Nevada 89074
T: (702) 350-1208
E: dmitchell@mitchellallyn.com

*Attorneys for the Havlish Claimants*